U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
OFFICE OF FEDERAL OPERATIONS

| | |
|---|---|
| Daren Cox )<br>Complainant )<br>)<br>)<br>Vs. )<br>)<br>Internal Revenue Service )<br>Agency ) <br>) | <br><br><br><br><br><br>EEOC Appeal No.<br>Agency Case No: IRS-23-0457-F |

BRIEF IN SUPPORT OF APPEAL

Daren Cox,
7029 Albert Pick Road,
Greensboro, NC 27498.

## BACKGROUND INFORMATION ON DISCRIMINATORY ACTIONS: PROCEDURAL HISTORY OF EEOC COMPLAINT

The complainant filed the original complaint against the Department of the Treasury alleging inter alia age based discrimination. The complaint alleged violations of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. §2000e et seq., and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621.

He applied for a position titled Criminal Investigator (Special agent) whereafter he was informed vide email communication of his unsuccessful application on 28th February 2023.

The Respondent conducted investigations, completed on 18th September 2023, and remanded the issue to the EEOC for final decision on 10th January 2024.

The crux of the original complaint is whether the complainant was subjected to age discrimination, as defined under the ADEA, when he was not selected for the position of Criminal Investigator (Special Agent) under Vacancy Announcement 22-11371439-CIX-1811-7T9 on February 28, 2023, due to the age limit for the position.

The Respondent' primary argument, which argument the agency agreed with was that the agency could can legally set minimum and maximum age limits for its law enforcement Positions. Further that the complainant's ineligibility was not discriminatory.

On 10th March 2024, the Agency issued a final decision, finding no discrimination. The final decision determined that the Agency articulated a legitimate, non-discriminatory reason for not hiring the complainant. The final decision then determined that the Complainant failed to prove that the Agency's reason was a pretext for discrimination.

On 17th May 2024, Complainant appealed the matter to EEOC using Email. This brief is timely filed.

## STANDARD OF REVIEW

The agency's final decision on the merits is a decision issued by a federal agency after it has conducted investigation. The final decision examines the evidence gathered from the investigation and determines whether the complainant was subjected to employment discrimination. The standard for review to use on appeal is de novo review.

5

The appellant will implore that the Commission reviews the documents, statements, and testimony on record and issue its decision based on its own assessment of the record and its interpretation of the law.

### THE LAW THAT SHOULD BE APPLIED.

A claim alleging disparate treatment is examined under the three-part test set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under this analysis, a complainant initially must establish a prima facie case of discrimination by presenting facts that, if unexplained, reasonably give rise to an inference of discrimination (that a prohibited consideration was a factor in the adverse employment action). McDonnell Douglas 411 U.S. at 802.

Next, in response, the agency management witnesses must state a legitimate, non-discriminatory reason for the challenged actions. McDonnell Douglas, 411 U.S. at 802.

Finally, the complainant must demonstrate that the agency's action was more likely than not based on prohibited considerations of discrimination. To do so, complainant must show that the agency's reasons for its action were not its true reasons but a sham or pretext to try to mask discrimination. See McDonnell Douglas, 411 U.S. at 804.

In a non-selection case like this, a complainant may show that an employer's reason for the non-selection was pretext for discrimination by demonstrating that her qualifications were "plainly superior" to those of the selectee. Wasser v. Dept. of Labor,

### ARGUMENTS ON APPEAL

#### Disparate Treatment

It is well established that the complainant must satisfy a three-part evidentiary scheme to prevail on a claim of disparate treatment discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

First, Complainant must establish a prima facie case by demonstrating that he was subjected to an adverse employment action under circumstances that would support an inference of discrimination. McDonnell Douglas, 411 U.S. at 802; Furnco Constr. Co. v. Waters, 438 U.S. 567, 576 (1978).

6

Second, the burden is on the Agency to articulate a legitimate, nondiscriminatory, reason for its actions. Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981).

Third, should the Agency carry its burden, Complainant must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the Agency were not its true reasons, but were a pretext for discrimination. McDonnell Douglas, 411 U.S at 804 ; St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993).

### Complainant's Prima Facie Case.

Complainant may establish a prima facie case of discrimination in the non-selection context by showing that: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he was not selected for the position; and (4) he was accorded treatment different from that given to persons otherwise similarly situated who are not members of her protected group, or in the case of age, who are considerably younger than him. Obas v. Dep't of Justice, EEOC Appeal No. 01A04389 (May 16, 2002); Williams v. Dep't of Educ., EEOC Request No. 05970561 (Aug. 6, 1998). Complainant may also set forth evidence of acts from which, if otherwise unexplained, an inference of discrimination can be drawn. Furnco Construction Corp. v. Waters, 438 U.S. 567,576 (1978).

In the instant case, the complainant avers that the Agency erred in finding that Complainant failed to establish a prima facie case of discrimination based on his age. The Complainant established the 3 fold test above. It is not disputed that all the selectees were significantly younger. The Complainant in this case need not prove that the hiring was motivated by discriminatory animus. Nevertheless, it is the Complainant's vehement assertion that he has clearly has met the thresholds for proving discrimination.

The Complainant prays that the agency be pleased to find that he has established the relatively light burden of a prima facie case of discrimination based on his age. See; Garrett v. U.S. Postal Serv., EEOC Appeal No. 07A30024 (Feb. 25, 2004) (Complainant established a prima facie case based on sex simply by showing that male individuals were selected over her).

### Agency's Legitimate Non-discriminatory Reason

Once a complainant has established a prima facie case, the burden then shifts to the agency to articulate a legitimate, non-discriminatory reason for its actions. Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S.at 253. The Supreme Court has described this burden as being met

7

"if the [agency's] evidence raises a genuine issue of fact as to whether it discriminated against the [complainant]," and that "[t]o accomplish this, the [agency] must clearly set forth, through the introduction of admissible evidence, the reasons for the [complainant's] rejection." Id. at 254-55. Moreover, the agency must "frame the factual issue with sufficient clarity so that the [complainant] will have a full and fair opportunity to demonstrate pretext," with the adequacy of its evidence "evaluated by the extent to which it fulfill[ed] these functions." Id. at 255-56.

The burden incumbent upon the agency to respond to a complainant's prima facie case with a legitimate, non-discriminatory reason for its actions is a burden of production, not persuasion. Reeves, 530 U.S. at 142. While the agency's burden of production is not onerous, it must nevertheless provide a specific, clear, and individualized explanation for the treatment accorded a complainant. Lorenzo v. Dep't of Def., EEOC Request No. 05950931 (Nov. 6, 1997); see also Woodward v. Dep't of Labor, EEOC Appeal No. 01970288 (Feb. 1, 2000) (agency failed to meet its burden of production with sufficient particularity when the selecting official's affidavit stated that the selectee was better qualified for the position because of her background, her superior experience in the field of interest, and her interview responses showing she had the perspective and attitude toward the position that would ensure success in the office).

The Complainant urges the agency to review of the record, and find that the Agency failed to meet its burden of articulating a legitimate, non-discriminatory reason for Complainant's non-selection. Moreso, the agency failed to provide a specific, clear, and individualized explanation for Complainant's non-selection for the position at issue.

Given the lack of specific details, the Complainant avers that the Agency's explanations are insufficient to afford Complainant a meaningful opportunity to prove the explanations untrue.

Based on the above and in conclusion, the Complainant submits that that the Agency failed to articulate a specific, clear, and individualized explanation for Complainant's non-selection, and consequently, Complainant was denied a fair opportunity to demonstrate pretext. See Stewart v. Dep't of Homeland Sec., EEOC Request No. 0520070124 (Nov. 14, 2011); Garcia v. Dep't of Homeland Sec., EEOC Appeal No. 01A32050 (Jan. 7, 2005), req. for recon. den'd, EEOC Request No. 05A50685 (Apr. 26, 2005); Young v. Dep't of the Treasury, EEOC Request No. 05940517 (Oct. 13, 1995). Thus, the Agency failed to rebut the inference of

discrimination, which was created when Complainant established a prima facie case of age discrimination, by articulating a legitimate, non-discriminatory reason for its actions.

## **ACTIONS THAT EEOC SHOULD TAKE IN THIS APPEAL**

For the reasons stated above, the Commission should:

a) Reverse its previous decision.

If the Commission finds in favour of the Complainant, the Commission should grant complainant the following relief:

a) Retroactive placement for the position of Criminal Investigator (Special Agent), under Vacancy Announcement 22-11371439-CIX-1811-7T9.

**CERTIFICATE OF SERVICE**

I certify that on_____,this brief was filed with the EEOC's Office of Federal Operations and served on the Agency, Internal Revenue Service.

# NOTICE OF APPEAL/PETITION
# TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

OFFICE OF FEDERAL OPERATIONS
P.O. Box 19848
Washington, DC 20036

**Complainant Information:** (Please Print or Type)

| | |
|---|---|
| Complainant's name (Last, First, M.I.): | DAREN COX |
| Home/mailing address: | 1419 Staley Camp Rd |
| City, State, ZIP Code: | SILER CITY, NC 27344 |
| Daytime Telephone # (with area code): | 336-669-7297 |
| E-mail address (if any): | darencox@outlook.com |

**Attorney/Representative Information (if any):**

| | |
|---|---|
| Attorney name: | N/A |
| Non-Attorney Representative name: | N/A |
| Address: | N/A |
| City, State, ZIP Code: | NA |
| Telephone number (if applicable): | N/A |
| E-mail address (if any): | N/A |

**General Information:**

| | |
|---|---|
| Name of the agency being charged with discrimination: | INTERNAL REVENUE SERVICE (IRS) |
| Identify the Agency's complaint number: | IRS-23-0457-F |
| Location of the duty station or local facility in which the | GREENSBORO, NORTH CAROLINA |

1

| | |
|---|---|
| complaint arose: | |
| Has a **final action** been taken by the agency, an Arbitrator, FLRA, or MSPB on this complaint? | ✓ Yes; Date Received _____ (Remember to attach a copy)<br>___ No<br>___ This appeal alleges a breach of settlement agreement |
| Has a complaint been filed on this same matter with the EEOC, <u>another</u> agency, or through any <u>other</u> administrative or collective bargaining procedures? | ___ No<br>✓ Yes (Indicate the agency or procedure, complaint/docket number, and attach a copy, if appropriate) |
| Has a civil action (lawsuit) been filed in connection with this complaint? | ✓ No<br>___ Yes (Attach a copy of the civil action filed) |

**NOTICE**: Please **attach a copy of the final decision or order** from which you are appealing. If a hearing was requested, please attach a copy of the agency's final order and a copy of the EEOC Administrative Judge's decision. Any comments or brief in support of this appeal MUST be filed with the EEOC **and** with the agency **within 30 days** of the date this appeal is filed. The date the appeal is filed is the date on which it is postmarked, hand delivered, or faxed to the EEOC at the address above.

| | |
|---|---|
| Signature of complainant or complainant's representative: | *Daven Cap* (signature) |
| Date: | 6/3/24 |

EEOC Form 573 REV 1/01

---

# PRIVACY ACT STATEMENT

(This form is covered by the Privacy Act of 1974. Public Law 93-597. Authority for requesting the personal data and the use thereof are given below.)

1. **FORM NUMBER/TITLE/DATE**: EEOC Form 573, Notice of Appeal/Petition, January 2001
2. **AUTHORITY**: 42 U.S.C. § 2000e-16
3. **PRINCIPAL PURPOSE**: The purpose of this questionnaire is to solicit information to enable the Commission to properly and efficiently

adjudicate appeals filed by Federal employees, former Federal employees, and applicants for Federal employment.

4. **ROUTINE USES**: Information provided on this form will be used by Commission employees to determine: (a) the appropriate agency from which to request relevant files; (b) whether the appeal is timely; (c) whether the Commission has jurisdiction over the issue(s) raised in the appeal, and (d) generally, to assist the Commission in properly processing and deciding appeals. Decisions of the Commission are final administrative decisions, and, as such, are available to the public under the provisions of the Freedom of Information Act. Some information may also be used in depersonalized form as a data base for statistical purposes.

5. **WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION**: Since your appeal is a voluntary action, you are not required to provide any personal information in connection with it. However, failure to supply the Commission with the requested information could hinder timely processing of your case, or even result in the rejection or dismissal of your appeal.

---

Send your appeal to:

The Equal Employment Opportunity Commission
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

---

Figure 4-17 Notice of Appeal/Petition to Equal Employment Opportunity Commission

3

Case 1:24-cv-00463-UA-JEP   Document 2-1   Filed 06/03/24   Page 10 of 10