| From: | usastaffingoffice@opm.gov |
|---|---|
| To: | Cox, Daren M - Greensboro, NC - Contractor |
| Subject: | [EXTERNAL] Notice of Results and Referral - Criminal Investigator (Special Agent), 22-11371439C-CIX-1811-7T9 |
| Date: | Tuesday, February 28, 2023 6:51:04 PM |

**CAUTION**: This email originated from outside USPS. **STOP and CONSIDER** before responding, clicking on links, or opening attachments.

**Department of the Treasury
Internal Revenue Service
Human Capital Office
Talent Acquisition
Employment Operations**

Dear Daren Cox:

This refers to the application you recently submitted to this office for the position identified below:

Position: Criminal Investigator (Special Agent), GL-1811-7/9
Announcement: 22-11371439C-CIX-1811-7T9

You have requested consideration for the following geographic locations:

- Greensboro, North Carolina
- Raleigh, North Carolina
- Roanoke, Virginia

We have reviewed your application and made the following determination(s):

Ineligible for the following position or positions:

- GL-1811-9; You were not considered because you exceed the maximum age requirement for this position.

If you claimed veterans' preference, your claimed veterans' preference is:
NV - No Preference Claimed

Based on the supporting documents you provided with your application, your adjudicated veterans' preference is:

The following is your referral status for the position or positions to which you applied:

- You have not been referred to the hiring manager for position GL-1811-9 in Greensboro, North Carolina
- You have not been referred to the hiring manager for position GL-1811-9 in Raleigh, North Carolina
- You have not been referred to the hiring manager for position GL-1811-9 in Roanoke, Virginia

If you were determined eligible but not referred it may be due to regulatory requirements for priority consideration of eligible veterans, priority placement candidates, and/or higher-ranking candidates that must be certified and considered first. If we receive a request for additional candidates, your application will be reviewed again for possible referral.

**IMPORTANT INFORMATION REGARDING NOTICES FOR STANDING REGISTER ANNOUNCEMENTS:** Standing Registers provide supervisors with a current inventory of applicants interested in IRS positions. If a request to fill a vacancy is received, eligible applicants will be referred to the selecting official for consideration based on Delegated Examining guidelines. Please be advised that you may receive more than one notice for this announcement as vacancies are filled.

If you are referred, the selection process, which includes resume reviews and optional interviews by the hiring manager, may take several weeks depending on the number of applicants. Referral does not guarantee an interview or selection. You will receive email notification of selection or non-selection. If further information or an interview is required, you will be contacted by the Hiring Manager or designee.

If you are ineligible and not referred, you may update your application to provide additional information for consideration only while the vacancy announcement is open on USAJobs.gov (https://my.usajobs.gov/Account/Login). There you will find a record of your application, the application status, and an option to update your application. If additional vacancies remain, your updated application will be re-evaluated. If you do not update your application, you will not receive further consideration for the position listed above.

If you have any questions, please contact the HR Specialist below. Include your full name and announcement number: 22-11371439C-CIX-1811-7T9 in the subject line of the e-mail. This will expedite a response to your inquiry.

Sincerely,

Homer Byers
covingtonpersonnel1@irs.gov

**PLEASE DO NOT RESPOND TO THIS EMAIL MESSAGE. IT IS AUTOMATICALLY GENERATED.**

059

Affidavit A
Page 22 of 25

Case 1:24-cv-00463-UA-JEP   Document 2-2   Filed 06/03/24   Page 2 of 20

| | |
|---|---:|
| COLA (1% less than last year) | 4% |
| Years of lost service due to missed opportunity for missing Job | 9 |
| PV/yr | 112,000.00 |
| average of high 3 at yr 7,8,9 | 153,358.34 |
| 1% per year of service at year for 9 years per year in present value of future income | 13,802.25 |
| value of service time between retirement and average life expectancy 10.28 (67-87.28) summation | 141,887.14 |
| Difference of cost Government medical coverage costs in PV (160.14/mo for 10Yr) (single coverage assumed) summation | 19,216.80 |
| medical costs due to depression (insurance deductable only) | 2,250.00 |
| total in Present value | $163,353.94 |

I find this to be fair and reasonable to be made whole

# DEPARTMENT OF THE TREASURY FINAL AGENCY DECISION

In the matter of

Daren Cox v. Janet L. Yellen, Secretary of the Treasury

TD Case No.: IRS-23-0457-F

This decision concerns the above-referenced complaint of discrimination against the Department of the Treasury. This complaint concerns alleged violations of Title VII of the Civil Rights Act of 1964 (Title VII), amended, 42 U.S.C. §2000e et seq.; and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 et seq.

## PROCEDURAL CHRONOLOGY

| | |
|---|---|
| Alleged discriminatory actions: | February 28, 2023 |
| Counselor contact: | March 1, 2023 |
| Notice of Right to file issued: | March 30, 2023 |
| Receipt of Notice of Right to File: | March 30, 2023 |
| Formal complaint filed: | April 17, 2023 |
| Acceptance letter issued: | May 1, 2023 |
| Investigation completed: | September 18, 2023 |
| Distribution of Investigative File (IF): | September 18, 2023 |
| Request to Withdraw from Hearing: | December 27, 2023 |
| Remand to Agency for FAD: | January 10, 2024 |

## ISSUE

Whether Complainant was subjected to discrimination based on age (YOB 1965) when, on February 28, 2023, he was not selected for the position of Criminal Investigator (Special Agent), under Vacancy Announcement 22-11371439-CIX-1811-7T9, due to the age limit for the position.

## BACKGROUND

Complainant, YOB 1965, was an applicant for the position at issue. He resided in Siler City, NC. He worked as a Contractor with the United States Postal Service (USPS) as a National Program Manager. He claimed the management official who discriminated against him was aware of his age. (IF, Affidavit A, pp. 38-39)

Complainant stated he learned of the position at issue through USAStaffing and applied through Internal Revenue Service (IRS or the Agency) careers. He did not recall the qualifications specified in the vacancy announcement, but felt his qualifications met the requirements of the knowledge, skills, and abilities listed in the vacancy announcement based on his highly detailed data mining skills in a government setting. He claimed his age was the only reason he was deemed ineligible for the position. Complainant stated there was no review board or panel for the position, and he was unaware who served as

1

the Selecting Official. He stated he learned he was not selected for the position via email. (IF, Affidavit A, pp. 40-42)

Complainant contended Provisions of Public Law 93-950 and Public Law 100-238 allow the imposing of a maximum age for original appointment to a Law Enforcement Officer position with the Federal Government, but the same does not apply to the IRS or Treasury Department. Complainant was not referred for positions in Greensboro, North Carolina, Raleigh, North Carolina, and Roanoke, Virginia. (IF, Affidavit A, pp. 42, 49)

In his rebuttal statement, Complainant averred someone knew his age, based on the rejection letter he received. (IF, Affidavit A, p. 62)

**Management Testimony**

S1 was an Human Resource (HR) Analyst at the time of the instant complaint. He stated he did not know Complainant's age. He stated the announcement was posted for a year and had multiple posts of duty, and dozens of Selecting Officials were involved. He stated Complainant applied for the position through USAJobs; however, he was not aware of Complainant's qualifications; however, he stated Complainant was determined ineligible for the position based on his responses to the online vacancy questions. He believed Complainant to be accurately and appropriately ranked. (IF, Affidavit B, pp. 64-66)

S1 specifically stated Complainant rated himself ineligible based on his responses to the online vacancy questionnaire. He averred Complainant did not meet the minimum qualifications, and was therefore, not recommended for an interview. (IF, Affidavit B, pp. 67-68)

S1 stated the Provisions of Public Law 93-950 and Public Law 100-238 allow the imposition of a maximum age for original appointments to a law enforcement officer position within the Federal government. The date immediately preceding an applicant's 37th birthday is the final date of referral for selection. This age restriction does not apply to those who have previously served in a Federal civilian (not military) law enforcement position covered by Title 5 U.S.C. Section 8336 (c) provisions and preference eligible veterans. (IF, Affidavit B, p. 70)

## OTHER EVIDENCE

The Complainant's application and testimony showed he was a USPS Contractor. (IF, Affidavit A, p. 38; Exhibit 2, p. 196)

The record contains the vacancy announcement for the Agency's Criminal Investigator (Special Agent) position that opened on February 1, 2022, and closed on January 31, 2023. The position was advertised at the GL7-9 level and was for duty locations across the United States. The vacancy announcement contains the following special requirement (in pertinent part):

**MAXIMUM ENTRY AGE:** Provisions of Public Law 93-950 and Public Law 100-238 allow the imposition of the maximum age for original appointments to a law enforcement

officer position within the Federal government. The date immediately preceding your 37th birthday is the final date of referral for selection. This age restriction does not apply to those who have previously served in a Federal civilian (not military) law enforcement position covered by Title 5 U.S.C. Section 8336 (c) provisions and preference eligible veterans. (IF, Exhibit 1, pp. 77-96)

The record contains Complainant's application. The first question regarding Eligibility stated, "This position has an age requirement. Enter or select your date of birth, to which he answered 06XX/1965." (IF, Exhibit 2, p. 126)

The Office of Personnel Management's (OPM) Classification and Qualifications for the Criminal Investigator – Treasury Enforcement Agent, 1811 is included in the file. Within the Individual Occupation Requirements for the position is the maximum age requirement that reads: Maximum Entry Age: **The date immediately pending an individual's 37th birthday is the maximum entry age for original appointment to a position within the Department of Treasury as a law enforcement officer as defined in title 5 U.S.C. 8331(20) or in 5 U.S.C. 8401(17).** Consideration will be restricted to candidates who have not reached age 37 at the time of referral for positions. (IF, Affidavit B, pp. 74-75)

## APPLICABLE LAW

**Disparate Treatment (Age)**

This case involves an allegation of disparate treatment, that is, that the Agency treated Complainant less favorably than others because of Complainant's membership in protected groups. *International Brotherhood of Teamsters v. United States*, 431 U.S. 324 (1977). The Supreme Court developed a standard of analysis in the case of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), which is applied in making determinations regarding alleged discriminatory treatment in disparate treatment cases. Under the *McDonnell Douglas* standard, the complainant has the initial burden of establishing a *prima facie* case of discrimination. To meet this burden, the complainant must present facts which, if unexplained, reasonably give rise to an inference of discrimination, i.e., an inference that a prohibited consideration was a factor in the adverse employment action. *See St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 507 (1993); *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981); *McDonnell Douglas* 411 U.S. at 802. Establishing a *prima facie* case creates a presumption that the Agency unlawfully discriminated against the employee. *Burdine*, 450 U.S. at 254.

To establish a prima facie case of unlawful intentional discrimination based on age in a non-selection claim, the Complainant must establish that: (1) he is a member of a protected class; (2) he applied and was qualified for the position; and (3) he was not selected in favor of someone outside of his protected group. *Keyes v. Secretary of the Navy*, 853 F.2d 1016, 1023 (1 st Cir. 1988); *see also* Weinstein v. U. S. Postal Service, EEOC Appeal No. 01830674 (1983). The Complainant may also meet this burden by

3

presenting other evidence that raises an inference of discrimination. *Potter v. Goodwill Industries of Cleveland*, 518 F.2d 864 (6 th Cir. 1975); *Furnco Construction Corp v. Waters,* 438 U.S. 567 (1978); *Alcala v. Department of the Treasury*, EEOC Decision No. 01975949 (March 7, 2000).

Once a *prima facie* case has been established, the Agency has the burden of rebutting the presumption of discrimination by articulating a legitimate, nondiscriminatory reason for its action. *Furnco Construction Corp v. Waters* at 567. This is not a burden of persuasion, which at all times remains with the complainant, but rather a burden of production – to clearly set forth the reason for its employment action. The Agency's explanation must be sufficiently clear and specific such that the complainant will have a fair opportunity to demonstrate pretext. *Burdine*, 450 U.S. at 253-256.

Once the Agency has articulated a legitimate, nondiscriminatory reason for its action, the complainant has the burden to prove, by a preponderance of the evidence, that the reason given by management for its action was not the true reason but a pretext for discrimination. A complainant can establish pretext either directly, by showing a discriminatory reason more likely motivated management, or indirectly by showing that the Agency's proffered explanation is unworthy of credence. *Burdine*, 450 U.S. at 256.

Generally, a complainant may show pretext, among other ways, either by presenting direct evidence of discriminatory statements or the past personal treatment of the complainant, or by using comparative evidence, such as statistics of management's employment practices or evidence that management departed from its normal policy. At this stage, the trier of fact must decide which party's explanation of the Agency's motivation it believes. *U.S. Postal Service Board of Governors v. Aikens*, 460 U.S. 711, 716 (1983). "But a reason cannot be proved to be a pretext for discrimination unless it is shown both that the reason was false, and that discrimination was the real reason." *St. Mary's Honor Center* 509 U.S. at 515.

## ANALYSIS

**Disparate Treatment**

Based on the record, Complainant is over the age of 40. He applied for the position at issue. However, he was not qualified for the position, as he did not meet the age requirement of 37 years of age or younger at the time of the original appointment to the position; and therefore, he determined ineligible for the position and was not selected for the position at issue. Complainant has failed to establish a *prima facie* case of discrimination based on his age for this non-selection.

Nevertheless, we turn to the Agency's reasons for its actions. Specifically, the Agency posted in the vacancy announcement that the maximum age for original appointments to this position was 37 years of age at the time of referral. This requirement was stated in bold within the vacancy announcement. Additionally, this is a requirement set forth in OPM's classification and qualification standards specifically for the IRS Criminal Investigator (Special Agent). Therefore, the Agency has articulated legitimate, non-discriminatory reasons for its non-referral of the Complainant and deeming him ineligible for the position.

4

We next move to Complainant's rebuttal that simply states he was discriminated against based on his age, the IRS does not have the same age requirement as other agencies, and that someone was aware of his age, as it was on his application. On appeal, the Agency "can legally set minimum and maximum age limits for its law enforcement positions." *Laney v. Department of the Treasury*, 97 FEOR 1089 , EEOC No. 01956656 (EEOC OFO 1996).

The Complainant fails to acknowledge the instant position had an age requirement for the IRS Criminal Investigator (Special Agent). Furthermore, the very first question on the vacancy questionnaire for the position states the position has an age requirement, and then asks for the applicant's date of birth. Upon answering this question, and without having prior civilian Federal experience, Complainant was automatically deemed ineligible for the position, based on his own answer.

We find the Agency's articulation of its reason for deeming Complainant ineligible for the position was not discriminatory, but rather, based on an age requirement set forth in OPM's requirements and the Agency's vacancy announcement. *See* 29 USC 623 (f); *Campbell v. Department of Justice*, 97 FEOR 3140 , EEOC No. 05960550 (EEOC 1997) (Although it is usually impermissible to base personnel actions on considerations of age, it can be used as a factor in those limited situations in which age is a bona fide occupational qualification.). Complainant's rebuttal did not make management's articulation unworthy of belief or prove management's articulation was pretext for discrimination. Rather, Complainant's belief that IRS Special Agents were exempt from the age requirement was misplaced, and he was ineligible for the position to which he applied.

## CONCLUSION

This constitutes the final agency decision by the Department of the Treasury on this complaint. It is the decision of the Department that a finding of no discrimination is appropriate in this matter. Complainant is not entitled to relief.

Snider Page
Digitally signed by Snider Page
Date: 2024.03.10 10:12:36 -04'00'

Snider Page
Director, Office of Civil Rights and EEO

5

Case 1:24-cv-00463-UA-JEP   Document 2-2   Filed 06/03/24   Page 8 of 20

6

# NOTICE OF APPEAL RIGHTS

If you are dissatisfied with this decision because the Agency incorrectly depicted the facts or applied the wrong law, you may appeal to the Equal Employment Opportunity Commission's Office of Federal Operations *within 30 calendar days* of the date of your receipt of the Agency's final action, or, if you are represented by an attorney, within 30 calendar days of your attorney's receipt of this action. If a time expires on a Saturday, Sunday or Federal holiday, you may file on the next business day.

### How to Appeal

**RECOMMENDED METHOD** – The EEOC strongly encourages federal employees who wish to appeal a final Agency decision to file their appeal online using the **EEOC Public Portal** at https://publicportal.eeoc.gov/. Please see the **attached document on Electronically Appealing this Agency Decision** for detailed instructions on how to use the EEOC Public Portal to file an electronic appeal.

**Important: If you file an appeal through the EEOC public portal, you must select your Bureau (e.g., BEP, BFS, FINCEN, IRS, IRSCC, MINT, OCC, TTB, DO) as the respondent Agency named in your complaint. (Do not select the Treasury Department as the responding Agency unless you work for the Departmental Offices (DO).) The responding Agency is identified by the first letters of your Agency Complaint number. If you select the Treasury Department rather than your particular Bureau, the appeal will not be received by the correct parties (unless you work for DO). This is explained in the attached document on Requesting an Appeal in section 16.**

Individuals who are deaf or hard of hearing can reach the EEOC by videophone at 1-844-234-5122. If you have a disability which prevents you from accessing the Public Portal or you otherwise have difficulty with accessing the portal, please call 1-800-669-4000.

If you choose not to use the EEOC Public Portal, you may mail your written appeal or stating supporting an appeal to the Equal Employment Opportunity Commission, Office of Federal Operations, P.O. Box 77960, Washington, D.C. 20013-8960. If your appeal or statement is 10 pages or less, you can also fax it to the Office of Federal Operations at (202) 663-7022. Finally, you can hand-deliver your appeal to: Equal Employment Opportunity Commission, Office of Federal Operations, 131 M St., N.E. Washington, D.C. 20507. **If you choose one of these alternative filing options, you should use the attached EEOC Form 573, Notice of Appeal/Petition,** and should indicate what you are appealing.

### Submitting a Statement or Brief in Support of Your Appeal

Any supporting statement or brief must be submitted to the EEOC *within 30 calendar days* of the date you filed the appeal.

### Copying the Agency

7

If you use the EEOC Public Portal to file your appeal and to submit a supporting statement or brief, you do not need to separately serve the Agency with a copy. If you instead mail or fax your appeal filing and supporting statement/brief to the EEOC, you must also submit a copy to the Agency. The Agency strongly prefers that you use email to send your appeal documentation to EEOCElections@treasury.gov. If you are unable to use email, you may serve your appeal documentation via mail to the Director, Office of Civil Rights and EEO, Department of the Treasury, 1500 Pennsylvania Ave., NW, Washington, DC 20220, or via facsimile to (202) 622-0367. The EEOC requires that when using mail or fax to send your appeal filing and supporting statement to the EEOC, you must include a statement certifying the date and method by which service was made to the Agency.

# FILING A CIVIL ACTION

You also have the right to file a civil action in an appropriate United States District Court within **90 days** after you receive this final decision if you do not appeal to EEOC, or **within 90 days** after receipt of the EEOC's final decision on appeal.

You may also file a civil action **after 180 days** from the date of filing an appeal with EEOC if there has been no final decision by EEOC.

If your claim is based on age discrimination, you should seek the advice of an attorney if you wish to file a civil action after expiration of the time limits noted above. The courts disagree about when a civil action must be filed and may permit an age discrimination complaint to be filed two years or more from the date of the alleged discrimination.

You must also comply with the following instructions:

(1) You must name **JANET L. YELLEN, SECRETARY OF THE TREASURY**, as the defendant. Failure to provide her name and official title may result in dismissal of your case.

(2) If you decide to file a civil action and if you do not have, or cannot afford, the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney does not extend the time in which to file a civil action. Both the request and the civil action must be filed **within 90 days** of the date you receive the agency or EEOC decision.

# NOTICE OF APPEAL/PETITION
# TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

OFFICE OF FEDERAL OPERATIONS
P.O. Box 77960
Washington, DC 20013

**Complainant Information:** (Please Print or Type)

| | |
|---|---|
| Complainant's name (Last, First, M.I.): | |
| Home/mailing address: | |
| City, State, ZIP Code: | |
| Daytime Telephone # (with area code): | |
| E-mail address (if any): | |

**Attorney/Representative Information (if any):**

| | |
|---|---|
| Attorney name: | |
| Non-Attorney Representative name: | |
| Address: | |
| City, State, ZIP Code: | |
| Telephone number (if applicable): | |
| E-mail address (if any): | |

**General Information:**

| | |
|---|---|
| Name of the agency being charged with discrimination: | |
| Identify the Agency's complaint number: | |
| Location of the duty station or local facility in which the complaint arose: | |

| | |
|---|---|
| Has a **final action** been taken by the agency, an Arbitrator, FLRA, or MSPB on this complaint? | _____ Yes; Date Received _____ (Remember to attach a copy) <br> _____ No <br> _____ This appeal alleges a breach of settlement agreement |
| Has a complaint been filed on this same matter with the EEOC, <u>another</u> agency, or through any <u>other</u> administrative or collective bargaining procedures? | _____ No <br> _____ Yes (Indicate the agency or procedure, complaint/docket number, and attach a copy, if appropriate) |
| Has a civil action (lawsuit) been filed in connection with this complaint? | _____ No <br> _____ Yes **(Attach a copy of the civil action filed)** |

**NOTICE:** Please **attach a copy of the final decision or order** from which you are appealing. If a hearing was requested, please attach a copy of the agency's final order and a copy of the EEOC Administrative Judge's decision. Any comments or brief in support of this appeal MUST be filed with the EEOC **and** with the agency **within 30 days** of the date this appeal is filed. The date the appeal is filed is the date on which it is postmarked, hand delivered, or faxed to the EEOC at the address above.

| | |
|---|---|
| Signature of complainant or complainant's representative: | |
| Date: | |

**EEOC Form 573 REV 1/01**

2

# PRIVACY ACT STATEMENT

(This form is covered by the Privacy Act of 1974. Public Law 93-597. Authority for requesting the personal data and the use thereof are given below.)

1. **FORM NUMBER/TITLE/DATE**: EEOC Form 573, Notice of Appeal/Petition, January 2001
2. **AUTHORITY**: 42 U.S.C. § 2000e-16
3. **PRINCIPAL PURPOSE**: The purpose of this questionnaire is to solicit information to enable the Commission to properly and efficiently adjudicate appeals filed by Federal employees, former Federal employees, and applicants for Federal employment.
4. **ROUTINE USES**: Information provided on this form will be used by Commission employees to determine: (a) the appropriate agency from which to request relevant files; (b) whether the appeal is timely; (c) whether the Commission has jurisdiction over the issue(s) raised in the appeal, and (d) generally, to assist the Commission in properly processing and deciding appeals. Decisions of the Commission are final administrative decisions, and, as such, are available to the public under the provisions of the Freedom of Information Act. Some information may also be used in depersonalized form as a data base for statistical purposes.
5. **WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION**: Since your appeal is a voluntary action, you are not required to provide any personal information in connection with it. However, failure to supply the Commission with the requested information could hinder timely processing of your case, or even result in the rejection or dismissal of your appeal.

Send your appeal to:

The Equal Employment Opportunity Commission
Office of Federal Operations
P.O. Box 77960
Washington, D.C. 20013

1

# DEPARTMENT OF THE TREASURY
# OFFICE OF CIVIL RIGHTS AND EEO
# CERTIFICATE OF SERVICE

For timeliness purposes, the Office of Civil Rights and EEO, Department of the Treasury, will presume that the enclosed documents are received immediately upon successful delivery by email. Please note that whenever possible, this Office will conduct all correspondence electronically, via email, unless a reasonable accommodation is requested. On this date, I emailed the final agency decision on the complaint filed by Wade Harkins, TD Case No.: IRS-23-0457-F, to the persons listed below, by the methods specified. Included with this final decision are the Notice of Appeal Rights, EEOC Public Portal Appeal Instructions, EEOC Form 573, the Privacy Act Statement, and this Certificate of Service. There are 17 pages total.

Keiana C. Myers
Digitally signed by Keiana C. Myers
Date: 2024.03.11 09:15:03 -04'00'

_____                    _____
EEO Assistant                                      Date
Department of the Treasury
Office of Civil Rights and EEO
1500 Pennsylvania Ave., NW
Washington, DC 20220
EEOCElections@treasury.gov
Telephone: 202-622-1160

Sent via email to Complainant:

Daren Cox, darencox@outlook.com

Anthony C. Contreras, Senior EEO Specialist, EDI, IRS
Anthony L. Jacobi, EEO Specialist, EDI, IRS
Ruth H. Golden, EEO Specialist, EDI, IRS
CC.GLSCLPDocket@irs.gov

GLSATLDocket@irscounsel.treas.gov

# Electronically Appealing this Agency Decision, Associating an Attorney/Representative and Submitting Documentation Using the EEOC Public Portal

The decision you have just received may be appealed to the Equal Employment Opportunity Commission (EEOC). As an alternative to mailing in your appeal, you may now file it using EEOC's Public Portal.

## WARNING!

**Attorneys and non-legal representatives MUST NOT use the EEOC Public Portal to file appeals on behalf of their clients because the system will incorrectly list the representative as the complainant. Therefore, complainants MUST file appeals themselves through the EEOC Public Portal, regardless of whether they are being represented in their appeal.**

**Also, please see the note in red below under #16 to make sure you file your appeal with the correct component/Bureau of the Department, rather than with the Department of the Treasury generally.**

Here are the instructions for filing your appeal in the EEOC Public Portal:

1. The first step is registering for the Public Portal (if you are already registered in the Public Portal, you may skip to #5 below). Go to https://publicportal.eeoc.gov/Portal/Login.aspx, and click on the **Register** link on the upper, right-hand side of the page.



2. Read the EEOC Public Portal's Privacy Policy and click on the **OK** button.

3. Fill out the requested information, being sure to enter the information for the required fields designated by the red asterisk (*). Please note that when you enter your Zip Code and press the **Tab** key, your City and State should auto-populate. Once you enter your email address, click the **Tab** key and then select **Validate**. The Portal will then send an email containing a verification code to the email address you entered. Go to that email account, open the email from "U.S. Equal Employment Opportunity Commission," copy or take note of the code, go back to the Create Account page, paste or enter the code in the box provided, and click **Submit**.



4. Enter at least one telephone number, enter a password twice (to confirm), select and provide the answer to two Security Questions, and click **Submit**. You will then be brought back to the Public Portal Home page.

5. Click on the **Filing with EEOC** icon.



Filing with EEOC

6. In the resulting page, click on the circle next to **Federal Government agency that I applied to, work for, or worked for as a federal employee or contractor**, and then click **Next**.

○ ⬅ Federal Government agency that I applied to, work for, or worked for as a federal employee or contractor

7. Read the information provided and click on any links of interest. When done, click **Next**.

8. In the resulting page, click on the circle next to **File a new appeal**. Then click **Next**.

9. Read the information on the next screen. Then click **Next**.

10. A **Confirmation** pop-up will appear reminding you that the EEOC Public Portal does not permit attorneys or representatives to file an appeal on behalf of a complainant. If you, as complainant, are filing the appeal, click **Yes**. If you are an attorney or representative, click **No** and instead have complainant file on their own behalf, naming you as their attorney or representative.

11. Read the information you will need to provide to the EEOC. Make sure that it is available so that you can answer the next questions. When you have gathered that information, click **Next**.

12. Review the **Information about you** page to ensure that it is correct. Upon confirming the information is accurate, click **Continue**.

13. If you **do not** have an attorney or representative, click on the circle for **No**, and click **Next** [*You may skip to #16 below*]. <u>IF YOU ARE REPRESENTED BY AN ATTORNEY OR REPRESENTATIVE</u>, click on the circle for **Yes**, and click **Next**.

14. Fill out the required information designated with a red asterisk (*) (again, when you enter your attorney's/rep's Zip code and hit the **Tab** key, the City and State information will auto-populate), and when complete, click **Next**. The system will send a message to the email address you provided for your attorney/representative asking that they verify that they are representing you.

### Representative Information

(By providing this information you authorize EEOC to verify this person represents you.)

Is this person an attorney?* ⊙ Yes  ○ No

| Field | Value | Field | Value |
|---|---|---|---|
| Prefix: | | | |
| First Name:* | Amy | Middle: | |
| Last Name:* | Attorney | Suffix: | Esq. |
| Address(1):* | 123 Lawyer Lane | Address(2) | |
| Country:* | United States of America | Zip Code: | 20036 |
| City | WASHINGTON | State: | District Of Columbia |
| Phone Number: | (202) 555-8000 | (At least one phone number must be entered*) | |
| Cell Number: | e.g., 1234567890 | Email:* | ether42@netscapezs.com |

[Next] [Back] [Return Home]

15. In the resulting screen you can add another attorney/representative as necessary or edit the information of an existing attorney/representative. When complete, click **Next**.

16. On the **Agency Information** page, fill out the required information designated with a red asterisk (*) (again, when you enter the agency facility's Zip code and click **Tab**, the City and State information will auto-populate). **When selecting the Agency named in your complaint, be sure to select the appropriate component against which you brought your EEO complaint, as identified by the first letters of your Agency Complaint number. I.e., you should select your particular Bureau (e.g., BEP, BFS, FinCEN, IRS, IRSCC, MINT, OCC, TTB),** *not* **the Department of the Treasury (unless you work for Departmental Offices within Treasury).** You can begin typing the agency/component and select it when it appears, or click on the magnifying glass icon and select the agency/component from the resulting list. The **Agency Complaint number** is the number assigned by the agency against which you filed the complaint – not the EEOC Hearing number. When complete, click **Next**.

### Agency Information

Agency named in your complaint:*

[ ZZ FEDSEP TEST AGENCY  x ]  🔍

Agency Complaint number:*

[ EEO-1234 ]

[ Insert ]

Location of duty station or local facility in which the complaint arose:*

| Address1 | Address2 |
| --- | --- |
| [ ] | [ ] |

| Country/Region* | Zip Code |
| --- | --- |
| United States of America | 20036 |

| City* | State |
| --- | --- |
| WASHINGTON | District Of Columbia |

[ Next ]   [ Back ]   [ Return Home ]

17. In the second **Agency Information** page, answer the required information designated with a red asterisk (*). If you requested a hearing before an EEOC Administrative Judge (whether/not a hearing was held), be sure to enter the Hearing Number assigned to your request. When complete, click **Submit Appeal**.

18. The EEOC Public Portal will send to the email address you entered into the Public Portal an initial letter acknowledging your appeal request and providing you with next steps and links to helpful resources.

## How to View Documents and Add Documents to Your Appeal

After electronically filing your appeal, you (and your attorney or representative if you have added them to your appeal) can then add documents that EEOC can use to determine whether the appeal is appropriate, and/or that helps support your appeal.

1. While still logged in, or after having again logged in to the Public Portal, click on the **My Cases** icon.



My Cases

2. Click on the link for the Appeal Number for which you are submitting documentation.

3. In the resulting **My Case** page, you can read the current status of your appeal, add or update attorneys/representatives, and, as directed by the information contained in the **My Documents** section, upload or review existing documentation.

4. To review existing documentation, click on the link for the particular file. Once you click **OK** acknowledging that it may take a while to download, you will be prompted to open the file in the appropriate program, usually Adobe Acrobat, or some other PDF reader. Once you click on your preferred program and click **OK**, the document will open for your review. If you wish, you can save the file to your computer. You can do this for any of the files listed in the **My Documents** section.

5. To add documentation to your appeal, e.g., the agency's final decision on your EEO complaint (**adding this document is <u>strongly</u> recommended**), supporting evidence, or (as permitted by EEOC's regulations) a statement or brief in support of your appeal), click on the **Upload** icon.



6. In the resulting window, select from the **Type of Document** drop-down what kind of document you are adding (e.g., "**Appeal**" if you wish to upload the EEOC Form 573 Notice of Appeal/Petition; "**Agency Final Action**" for the agency's decision on your EEO complaint), and then click on the **Attach Document** button. <u>**DO NOT UPLOAD PASSWORD-PROTECTED DOCUMENTS**</u>.



7. You will then be presented with a **File Upload** screen, where you can navigate to where the file you wish to upload is located, select the file, and click **Open**. The file name will then appear in the **Select file to upload** window. Click **Upload**.

8. If the document you uploaded doesn't immediately appear in the list of documents, click once or twice on your browser's **Refresh** icon. ↻ Then the document will appear in the list.

9. The Public Portal will send you and any attorneys/representatives you have added an email indicating that your document was successfully added to the appellate record.

10. Repeat Steps 5 through 8 for any other documentation you wish to upload. **Rather than submitting multiple, separate documents individually, make every effort to combine your documents into a single file.** For example, if you want to submit a statement in support of your appeal, and your statement refers to exhibits, combine the statement and exhibits into one document, and then submit that one document. Doing so allows for more efficient and effective review of your appeal file. We note that there are multiple smart phone apps available that allow you to "scan" multiple-page documents into a single digital file.