IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DAREN COX,<br><br>  Plaintiff,<br><br>  v.<br><br>INTERNAL REVENUE SERVICE<br>and SCOTT BESSENT,<br>SECRETARY, U.S. DEPARTMENT<br>OF THE TREASURY,<br><br>  Defendants. | 1:24-CV-463-DAB-JEP<br><br><br><br>ORDER |

**ORDER**

The Magistrate Judge recommended granting Defendant's Motion to Dismiss or for Summary Judgment, denying Plaintiff's Motion for Summary Judgment and Declaratory Judgment, and dismissing this action. *March 10, 2026, Recommendation of United States Magistrate Judge* (D.E. 41, at 1).

Mr. Cox timely objected. *March 20, 2026, Objection to Recommended Ruling* (D.E. 43). Defendants filed a response. *March 23, 2026, Response to Objection* (D.E. 44). The Court has conducted a *de novo* review pursuant to Fed. R. Civ. P. 72(b)(3), construing Mr. Cox's pro-se objections liberally. The Court adopts the Recommendation in full and denies Mr. Cox's motions without prejudice.

No party objects to the Magistrate Judge's recitation of the background of this case, and the Court adopts the factual findings set forth in the Order and Recommendation. *See 3/20/26 Objection*, D.E. 43; *Thomas v. Arn*, 474 U.S. 140, 152 (1985).

## I.     Plaintiff's Objections 1 through 4

Mr. Cox's first four objections challenge the Magistrate Judge's conclusion that 5 U.S.C. § 3307 operates as an exception to the Age Discrimination in Employment Act (ADEA) in the context of federal law enforcement hiring, such that Defendants are not required to establish a bona fide occupational qualification (BFOQ). He contends that: (1) § 3307 cannot be treated as a blanket exemption from

the ADEA; (2) the Magistrate Judge relied on non-binding authority in disregard of Supreme Court precedent; (3) Defendants were improperly relieved of any obligation to prove a BFOQ; and (4) the Magistrate Judge failed to account for the EEOC's enforcement authority under 29 U.S.C. § 633a(b) and its implementing regulations. D.E. 43, at 3–7.

The central question in these four objections is whether § 3307 authorizes maximum entry-age requirements for federal law enforcement positions without a separate BFOQ showing under the ADEA. It does.

Section 3307(d) authorizes agency heads to "determine and fix" maximum entry ages for law enforcement positions. That directive is not displaced by the ADEA's general prohibition on age discrimination. Section 633a(a) speaks in general terms and § 3307 speaks directly to the precise hiring practice at issue. Congress did not silently repeal the latter by enacting the former.

Mr. Cox's reliance on *Babb v. Wilkie*, 589 U.S. 399 (2020), and *Western Airlines, Inc. v. Criswell*, 472 U.S. 400 (1985), is misplaced. D.E. 43, at 4–5. *Babb* addresses causation under § 633a(a); *Criswell* addresses the BFOQ defense where the ADEA governs. Neither case concerns Congress's separate authorization in § 3307. Where § 3307 applies, the age limit is not defended as a BFOQ, it is the governing rule.

Mr. Cox's invocation of EEOC enforcement authority under § 633a(b) is similarly unavailing. D.E. 43, at 6–7. That provision governs enforcement of the ADEA, it does not displace other operative statutes or prevent courts from giving effect to § 3307.

Finally, Mr. Cox's remaining objections, including his challenge to the Magistrate Judge's reliance on persuasive authority, are without merit. *Id*. at 4–6. The cited authorities are consistent with Supreme Court precedent recognizing that § 3307 operates as a statutory carve-out in the federal law enforcement hiring scheme and do not conflict with *Babb* or *Criswell*.

## II.     Plaintiff's Objections 5 and 6

Mr. Cox's fifth and sixth objections, challenging the Magistrate Judge's application of the summary judgment standard and the denial of his Motion for Declaratory and Injunctive Relief, lack merit.

The Magistrate Judge correctly stated and applied the Rule 56 standard. D.E. 41, at 4–5. Mr. Cox's contrary argument depends on the existence of factual disputes concerning whether age is a BFOQ. D.E. 43, at 8–9. As explained above, that premise is incorrect. Because § 3307 governs the challenged hiring decision, the ADEA's BFOQ framework does not apply. The Magistrate Judge did not resolve

factual disputes against Mr. Cox but correctly determined that the purported disputes were not material to the dispositive legal question. D.E. 41, at 11.

For the same reason, Mr. Cox's arguments regarding discovery and cross-motions fail. D.E. 43, at 9–10. Where the controlling issue is purely legal, additional discovery would not affect the outcome, and separate consideration of the parties' motions does not alter the conclusion that Defendants are entitled to judgment as a matter of law.

Finally, denial of declaratory and injunctive relief was proper. In the absence of a viable underlying claim, a request for such relief necessarily fails. *Id*. at 11–12.

## CONCLUSION

The Court has reviewed the Recommendation and Plaintiff's objections and finds that the recommended disposition of this case is supported by the record and law. The Court accepts the Magistrate Judge's Recommendation that the Plaintiff's case be dismissed and dismisses it without prejudice. It is therefore ordered that the Plaintiff's Objections, D.E. 43, are overruled, and the Recommendation of the Magistrate Judge, D.E. 41, is accepted. It is further ordered that Plaintiff's Motion for Summary Judgment, D.E. 31 and Motion for Declaratory Judgment, D.E. 35, are denied.

This the 17th day of April, 2026.

*/s/ David A. Bragdon*

United States District Judge